Peij CuRiam.
The'plaintiff brought this action to recover damages for a false .warranty in the sale of a slave, and at v the trial jJiytrodm?M the bill of sale of the same slave, which ha&bfeViiven by McKeon, Burney’s vendor, and which had to the plaintiff by Burney. A witness was intro-ducec*|^Hp§ff)ved that Burney was willing to malee a new bill of safijfm adopted the one which he had received, as expressing the tferms of his warranty; and the plaintiff also offered to prove, that the defendant made a parol warranty of the soundness of the negro, and that the design of Burney was to bind himself according to the covenants in the bill of sale, which contained a warranty of soundness. But the court refused to allow the plaintiff to make any such proof. This, we consider, was an error. The declaration is not founded on a warranty in writing. Burney’s warranty was by parol. In assigning the bill of sale, he did not thereby necessarily adopt and take upon himself, the' legal obligation arising on the instrument. He referred to the bill of sale to explain his parol contract, and it was surely competent to prove a-parol warranty. He had .not declared on a written warranty, and was of course, at liberty to prove such warranty as he had declared on. The assignment of the bill of sale,/unaided by a parol undertaking, would not have bound him to a warranty, without some circumstance showing the intention of the parties. The court then erred in ruling out this testimony, for which reason, the judgment must be reversed and a new trial awarded.